IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GREGORY C. STRINGHAM, §
(TDCJ # 1367322) §
 §
VS. § CIVIL ACTION NO.4:06-CV-392-Y
 §
ATTORNEY GENERAL §
OF TEXAS, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and
UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Gregory C. Stringham's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After the Court initially reviewed Stringham's form complaint and attachments, it directed Stringham to file a more definite statement, to include answers to specific enumerated questions about his claims against the numerous defendants. Stringham has since filed three different documents purporting to be more definite statements: a November 7, 2007, Response to Order for More Definite Statement; a January 30, 2007, Completion of More Definite Statement; and a February 5, 2007, More Definite Statement. Because no defendants have been served, and in an effort to liberally consider pro-se plaintiff Stringham's pleadings, the Court has considered all of these filings.[1]

---

[1] In the Order for More Definite Statement, the Court noted that Stringham had repeatedly sent letters to the clerk of Court and the undersigned, and warned him that such writings were not pleadings, and that the only matters the Court would consider were the facts and claims made a part of any more definite statement. In spite of that warning, Stringham has delivered numerous additional letters to the clerk and the undersigned. These voluminous papers have not been reviewed.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and the more definite statement filings under these standards, the Court concludes that Stringham's claims must be dismissed.

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In the Order for More Definite Statement, the Court directed Stringham to provide specific facts about his claims against the many defendants named in the suit: the attorney general of Texas; the Texas Optometry Board; the 372nd Judicial District Court, Tarrant County, Texas; the Tarrant County Probation Office; the Tarrant County district attorney's office; the Parker County Criminal Court; the Parker County Prosecutor's Office; the Parker County Probation Office; the Parker County jail; the Parker County jail medical department; the Tarrant County jail medical department; and private attorneys Bradford, Steve Livens, John Nation, and David Richards. (Compl. Style; attachment § IV(B).) In his several pleadings in response, Stringham has wholly failed to follow the Court's directive, and has failed to provide specific facts about his claims as to these defendants. Although Stringham did list many of the defendants in the January 30, 2007, Completion of More Definite Statement, each entry including only conclusory allegations, without reference to specific facts of what each defendant did to violate his constitutional rights. In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed

by a person acting under color of law.[7] Although Stringham has recited voluminous rambling allegations of problems in his arrest, prosecution, and sentencing, he has not set forth facts of how any of the named defendants were involved in such events. Thus, the Court concludes that Stringham's factual allegations fail to state a claim in support of the first element of a claim under § 1983, that he was denied a right secured by the Constitution or laws of the United States. As such, all of Stringham's claims must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

As an alternative basis for dismissal of Stringham's allegations against the attorney defendants named in his pleadings, the Court concludes that he has failed to satisfy the second element of a claim under § 1983. Stringham has failed to show that attorneys Bradford, Steve Livens, John Nation, and David Richards acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[8] The attorney defendants must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii) on this alternative basis.

---

[7] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[8] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

As an alternative basis for the dismissal of all claims, the Court concludes that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking " 7 million or other appropriate compensation for damages associated with the dismissed charge of intent to deliver cocaine and the violation of speedy trial, and the violations of speedy trials, involuntary probation, illegal incarceration/sentence, and other [relief]." (Compl. § VI.) In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), the Supreme Court held that a § 1983 claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[9] As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his incarceration and convictions, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck.*

Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court. Plaintiff remains in custody and has not shown that his convictions

---

[9]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

5

have been invalidated by a state or federal court.[10] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).[11]

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

Alternatively, all of Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, pursuant to 28 U.S.C. § 1915A(b)(1) and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[12]

SIGNED September 17, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10]Stringham pleaded guilty in 1999 to possession of a controlled substance of one gram or more, but less that four grams, namely cocaine, and received a deferral of adjudication for seven years in cause number 0720677W before the 372nd District Court of Tarrant County, Texas. In 2006, Stringham was found guilty of a violation of the terms of his probation, adjudged guilty, and sentenced to three years in the Texas Department of Criminal Justice. (Compl.; "Ex parte Stringham, C-372-007544-0720677-AP, State First Amended Response to Application for Writ of Habeas Corpus," attached thereto.)

[11]*See Heck*, 512 U.S. at 487-88.

[12]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

6